UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 14 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| James David Nanney, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-0315 (UNA) |
| ) | |
| RBC Ministries, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

In what the Court has construed as a motion, plaintiff, a prisoner at the Brown Creek Correctional Institution in Polkton, North Carolina, seeks a court order to compel prison officials to release a certified copy of his trust fund account statement so that he may comply with this Court's Order of February 8, 2011. Because the complaint fails to provide a basis for federal court jurisdiction, the Court will instead dismiss this action. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff sues an entity located in Grand Rapids, Michigan, for "fraud, lieing [sic] and robbery of a Bible." Compl. at 1. He "want[s] a federal order to take all of RBC Ministries

proptery [sic]." *Id.* The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because no amount in controversy is pled. A separate Order accompanies this Memorandum Opinion.

                                        /s/
                              United States District Judge

March 4, 2011